IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS JAMES SMITH,

        Petitioner,                   No. CIV S-05-2601 MCE EFB P

   vs.

CLAUDE E. FINN, et al.,

        Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner seeks habeas relief on the grounds that the Board of Prison Terms (now the Board of Parole Hearings) improperly denied him parole at his parole consideration hearing on November 13, 2003. Respondent filed a motion to dismiss on March 29, 2006, upon the grounds that the court lacks subject matter jurisdiction over this action as there is no liberty interest in parole and, even if there is a liberty interest, petitioner does not contest that he received all process due him under clearly established federal law. Petitioner filed a response to the motion on April 13, 2006. For the reasons explained below, the court finds that respondent's motion to dismiss must be denied.

/////

////

## I.     Procedural History

Petitioner was convicted of second-degree murder in San Bernardino County Superior Court on March 21, 1983, pursuant to a plea bargain, and sentenced on April 21, 1983, to 15 years to life in prison. Since becoming eligible for parole, petitioner has had nine parole hearings. On all nine occasions, he was found unsuitable for parole. Subsequently, petitioner filed a petition for writ of habeas corpus in the California courts. On appeal, the California Supreme Court issued a postcard denial of the petition on November 16, 2005.

## II.    Analysis

Petitioner contends that his federal constitutional rights were violated when the Board of Prison Terms refused to grant a parole date on August 15, 2003. He alleges that the decision was based on the nature of his crime and not on parole suitability requirements set by the Board. Respondent moves for summary dismissal alleging that the petitioner has no protected liberty interest in parole, thus arguing that the court is without jurisdiction to entertain this matter. Respondent further contends that petitioner does not contest that he received all process due under clearly established federal law.

On August 31, 2006, the Ninth Circuit issued its opinion in *Sass v. California Board of Prison Terms,* 461 F.3d 1123 (9th Cir.2006). The Ninth Circuit affirmed the district court's denial of the habeas petition finding that the state courts' decisions upholding the petitioner's parole denials were not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. *Id.,* at 1123. The Ninth Circuit determined, however, that the district court had misread the California Supreme Court case of *In re Dannenberg,* 34 Cal.4th 1061, 1087 (2005). *Sass,* 461 F.3d at 1127. The Ninth Circuit held that there remained a constitutionally protected liberty interest in a parole date. *Id.* at 1128. Because California's parole statutes give rise to a protected liberty interest, respondent's motion to dismiss for lack of subject matter jurisdiction on this ground must be denied.

Respondent further contends that the petitioner fails to raise a cognizable federal claim in that petitioner does not contest that he was denied due process in not being afforded an "opportunity to be heard" or told why "he falls short of qualifying for parole." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 16 (1979).  Indeed, petitioner does not argue that he was not afforded an opportunity to be heard or told why he falls short of qualifying for parole.  Rather, he argues that the parole board's decision was arbitrary and not supported by the evidence.  As to this contention, respondent argues that the "some evidence" standard set forth in *Superintendent v. Hill,* 472 U.S. 445 (1985), is not clearly established federal law for purposes of 28 U.S.C. § 2254, and therefore, petitioner fails to state a claim.  In *Sass,* however, the Ninth Circuit rejected this very argument.  *Sass,* 461 F.3d at 1129.  Therefore, respondent's motion to dismiss on this ground must be denied as well.

For the reasons stated above, respondent's motion must be denied and respondent should be directed to file an answer addressing the merits of the petition.

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's March 29, 2006, motion to dismiss be denied;

2. Respondent be directed to file an answer within 30 days;

3. Petitioner's reply, if any, be filed within 30 days after service of the answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

/////

/////

/////

/////

1 | specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
2 | F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 | Dated: March 2, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE